IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION


JOSHUA MUHAMMAD, #19007257,          :

     Plaintiff,                                       :

vs.                                                       :     CIVIL ACTION 20-0109-TFM-N

STATE OF ALABAMA, *et al.*,                 :

     Defendants.                                  :


## REPORT AND RECOMMENDATION


Plaintiff, a Baldwin County Sheriff's Corrections Center pre-trial detainee

proceeding *pro se* and *in forma pauperis*,[1] filed a complaint under 42 U.S.C. § 1983.  This

action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C.

§ 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R).  After careful review, it is recommended

that, prior to service of process, that this action be dismissed with prejudice as frivolous

pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**I.  Complaint.** (Doc. 1).


---

[1] Plaintiff identified himself as a "non-inmate" as well as a detainee. (Doc. 1 at, PageID.1). Later, in the complaint form, he specifies that he is a pretrial detainee who is incarcerated on the charge of receiving stolen property, first-degree. (*Id.* at 15, PageID.15).

Plaintiff filed his action on this Court's form for a § 1983 complaint. He named as defendants, the State of Alabama, employed as the Elberta Police Force; the United States of America; the states of Alabama, Texas, Vermont, and New York; and the Commonwealth of Massachusetts (hereinafter state of Massachusetts). (Doc. 1 at 8, PageID.8). It is difficult to deduce a coherent claim from his allegations. The Court, however, can discern some information from the few allegations that are straightforward, but the information fails to convey a non-frivolous claim.

According to plaintiff, he, Joshua EIN#131640299, is the authorized representative of Joshua Muhammad, the straw-person for him, and a stockholder in US Inc., and he has a pre-existing claim for the redemption of Joshua Muhammad regardless of ownership interest asserted by US Inc. and USA Inc. (*Id.* at 6, PageID.6). He claims that on October 13, 2019, his property and belongings were taken by "US, Inc., the parent company of USA Inc. through it[s] subdivision of Alabama in the County of Baldwin[,]" which still retains them. (*Id.* at 5, PageID.5 ). He also states that the "property was captured by Investigative Law Enforcement officers of Elberta[,] Alabama." (*Id.*). "The body of Joshua EIN# was delivered to Baldwin County Correctional Center, the can[]ine was placed in the custody of Baldwin Animal Control, and the auto-mobile was turned over to Little Bitty's Towing at the direction of the Investigative Law Enforcement Officer[.]" (*Id.* at 6, PageID.6). Defendant State of Alabama, employed as Elberta Police Force, is alleged to have conducted an "illegal search [and] seizure , false

2

arrest, [and] conversion of personal property on November 7, 2019, when the arresting officer said that he ran plaintiff['s] license plate without probable cause or warrant because [of] how plaintiff looked, at which time he took control over plaintiff's personal property." (*Id.* at 7, PageID.7). He further alleges "abuse of office, malicious prosecution [and] unlawful detention," (*Id.*), "theft by deception, violation of due process, abuse of powers, conversion, and conspiracy." (*Id.* at 8, PageID.8)

Plaintiff surmises that the "Federal Corporation grants to the STATES colorable jurisdiction known as the Uniform Commercial Code (UCC), and [UCC] 1-308 expressly grants [him] [the] remedy for any legal process commercial law in the US, and preclude[s] the STATE from having jurisdiction at any time when an injured party does not exist." (*Id.* at 8-9, PageID.8-9). He continues that the "[t]he political subdivision of the US Inc. and parent the USA Inc. known as the STATE of ALABAMA has established [a] Criminal Justice Agency stationed within Baldwin County[.]" (*Id.*).

Defendant states are each alleged to be "a political subdivision of [Defendant] USA Inc." (*Id.* at 11, PageID.11) and "have empowered investigative and law enforcement officers to conduct, investigations, apprehensions, prosecutions, adjudications, and incarcerations of criminal defendants for designated offenses." (*Id.* at 9-11, PageID.9-11). In addition to Alabama, each defendant state took control of plaintiff's property, specifically, New York, March, 1993; Texas, January 7, 2019; Vermont, 2004; and Massachusetts, February 12, 2012, and March 23, 2018. (*Id.* at 12-13, PageID.12-13).

3

For relief, plaintiff requests the Court "to make [him] whole for [his] loss and inconveniences and whatever remedy [is] deemed just and proper including redemption." (*Id.* at 16, PageID.16).

II.  **Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).**

Because plaintiff is proceeding *in forma pauperis*, the Court is reviewing his complaint (Doc. 1) under 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).  A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, *id.* at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. *Id.*

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative

level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Twombly*, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (second brackets in original). But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949.

When considering a *pro se* litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney, *Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998), but "this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir.) (citation and quotation marks omitted), *cert. denied*, 574 U.S. 1047 (2014). The court treats factual allegations as true, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements. *Id.* at 681, 129 S.Ct. at 1951. In addition, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989).

## III.  Discussion.

"A successful section 1983 action requires a showing that the conduct complained of (1) was committed by *a person* acting *under color of state law* and (2) deprived the complainant of rights, privileges, or immunities secured by the Constitution

5

or laws of the United States." *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992)

(emphases added). A state and its arms, however, are not "persons" for the purpose of a

§ 1983 action. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70, 109 S.Ct. 2304,

2312, 105 L.Ed.2d 45 (1989).  Defendant states of Alabama, New York, Texas, Vermont,

and Massachusetts are, therefore, not "persons" that may be sued in a § 1983 action.

Furthermore, the immunity of the Constitution's Eleventh Amendment, which extends to

all states, bars a lawsuit against a state absent a waiver.  *Alabama v. Pugh,* 438 U.S. 781,

782, 98 S.Ct. 3057, 3057-58, 57 L.Ed.2d 1114 (1978) ("suit against [Alabama] and its

Board of Corrections is barred by the Eleventh Amendment"). Thus, the claims against

defendant states of Alabama, New York, Texas, Vermont, and Massachusetts are due to

be dismissed with prejudice as frivolous as a matter of law.

Plaintiff also named the Elberta Police Force as a defendant. The Court takes

judicial notice of the fact that Elberta is a city located in Baldwin County, Alabama.[2]

Thus, it is deduced that defendant Elberta Police Force is more likely than not the City of

Elberta's Police Department. "Sheriff's departments and police departments are not

usually considered legal entities subject to suit." *Dean v. Barber*, 951 F.2d 1210, 1214

(11th Cir. 1992). The capacity of a party to be sued is "determined by the law of the

state in which the district court is held."  Fed.R.Civ.P. 17(b); *see Dean*, 951 F.2d at 1214

(dismissing an Alabama's sheriff's department because it is not an entity subject to suit);

[2] https://en.wikipedia.org/wiki/Elberta,_Alabama (last visited May 20, 2020). *See* Fed.R.Evid. 201.

*cf. Robinson v. Hogansville Police Dep't*, 159 F. App'x 137, 138 (11th Cir. 2005) (unpublished) (reaffirming *Dean, supra*, with respect to a Georgia city police department).[3]

An Alabama city's police department is not a proper legal entity capable of being sued. *Howard v. City of Demopolis, Ala.*, 984 F. Supp.2d 1245, 1253 (S.D. Ala. 2013); *Hawkins v. City of Greenville*, 101 F. Supp.2d 1356, 1363 (M.D. Ala. 2000); *see Mann v. Hillsborough Cty. Sheriff's Office*, 946 F. Supp. 962, 970-71 (M.D. Fla. 1996) ("[T]he police department is the vehicle through which the city fulfills its policing functions[, and,] [t]herefore, the Florida courts have found that the city police department is not a legal entity and has no legal existence separate and apart from the city."). Inasmuch as defendant City of Elberta Police Department is not a suable entity under Alabama law, the claim against it is frivolous as a matter of law, and this defendant is due to be dismissed as the claims against is frivolous.

With regard to the remaining defendants, defendants US Inc. and USA Inc. appear to be names for the United States. Section 1983, however, only provides a remedy for actions that were taken under "color of state law" and does not apply to actions taken by the federal government or its officers. *Nicholson v. Johanns*, 511 F. Supp.2d 1193, 1195 (S.D. Ala. 2007). Moreover, the federal government's sovereign immunity shields it

---

[3] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11TH CIR. R. 36-2 (2005).

and its agencies from being sued under § 1983. *Id.* at 1195-96. And "[i]t is well established in this circuit that the United States has not waived its immunity to suit under the provisions of the civil rights statutes." *Id.* (quoting *U. S. v. Timmons*, 672 F.2d 1373, 1380 (11th Cir. 1982) (quotation marks omitted)); *see Harris v. U.S.,* 2015 WL 85988611, at *1 (N.D. Ala. 2015) (unpublished). Moreover, if the Court was to liberally construe the claims against the United States as arising under § 1983's federal counterpart, a *Bivens*' action,[4] a *Bivens* action can only be maintained against an individual. *F.D.I.C. v. Meyer,* 510 U.S. 471, 484-485, 114 S.Ct. 996, 1005, 127 L.Ed.2d 3080 (1994). And the United States/federal government is immune from suit unless it consents to be sued. *Hercules Inc. v. U.S.*, 516 U.S. 417, 422, 116 S.Ct. 981, 985, 134 L.Ed.2d 47 (1996); *Handlon v. U.S.*, 2017 WL 2311759, at *4 (M.D. Fla. 2017) (unpublished).  Accordingly, defendants US Inc. and USA Inc are due to be dismissed because the claims against them are frivolous as a matter of law.

Notwithstanding the foregoing reasons for dismissing this action, the Court notes that plaintiff uses terms such as UCC, redemption, and strawman, which have been used by other *pro* se litigants in bringing actions. Courts have found these terms used in cases where plaintiffs advanced theories of liability known as a "sovereign citizen" theory and a "redemptionist" theory. *Ellis v. Thomas Cty. Ga.*, 2019 WL 4018341, at *4 (M.D. Ga.

---

[4] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

2019) (unpublished). In the present case, plaintiff did not articulate his theory to the extent contained in other cases reviewed. Nonetheless, his allegations appear to be more aligned with the "redemptionist" theory. *Id.* at *4; *see U.S. v. Barber,* 606 F. App'x 533, 534 n.1 (11th Cir. 2015) (describing the "redemptionist" theory as "propound[ing] that a person has a split personality: a real person and a fictional person called the 'strawman" (quotation marks and citation omitted)). Nevertheless, "[b]oth the 'sovereign citizen' and '[r]edemptionist' theories are frivolous legal theories that have been consistently rejected by federal courts." *Ellis*, 2019 WL 4018341, at *4 (listing cases); *cf. Walker v. Fla.,* 688 F. App'x 864 (*mem.*) (11th Cir. 2017) (observing that plaintiff did not state that he was a "sovereign citizen," but his arguments were similar to arguments of the "sovereign citizens" that have been rejected as frivolous by courts), *cert. denied*, 138 S.Ct. 321 (2017).

## IV. Conclusion.

Based upon the foregoing reasons, it is recommended that this action be dismissed with prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because plaintiff's claims are frivolous. *See Jackson v. Inch*,___ F. App'x ___, 2020 WL 2494407, at *2 (11th Cir. May 14, 2020) (finding no abuse in discretion is dismissing *sua sponte* the frivolous sovereign-citizen legal theories).

## <u>NOTICE OF RIGHT TO FILE OBJECTIONS</u>

A copy of this report and recommendation shall be served on all parties in the

manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    **DONE** and **ORDERED** this 21st day of May, 2020.


                        **/s/ KATHERINE P. NELSON**
                            **UNITED STATES MAGISTRATE JUDGE**

10