IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOSHUA MUHAMMAD, #19007257 ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIV. ACT. 1:20-cv-109-TFM-N |
| ) | |
| STATE OF ALABAMA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

On May 21, 2020, the Magistrate Judge entered a report and recommendation which recommends Plaintiff's complaint be dismissed with prejudice pursuant to 28 U.S.C § 1915(e)(2)(B). *See* Doc. 10. Plaintiff objected and filed several different documents and pleadings. *See* Docs. 12-21. The Court has reviewed the report and recommendation, objections, and conducted a de novo review of the case file. For the reasons discussed below, the objections are **OVERRULED** and the Report and Recommendation is **ADOPTED**. Further, Plaintiff's Request for Leave to Amend Complaint (Doc. 16) is **DENIED** as futile.

28 U.S.C. § 1915(e)(2)(B) provides, in pertinent part: "[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal – (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Thus, when granting permission to proceed *in forma pauperis*, the Court is required to perform a review and shall dismiss a case if it meets any of these statutory reasons.

Plaintiff's objections are confusing to say the least. He objects to "Joshua Muhammad #19007257" being named as the plaintiff "on the basis that a strawperson is without any control

and therefore cannot have rights in the collateral findings." Doc. 12 at 1-3.  In the Report and Recommendation, the Court held that he identified as a non-inmate as well as a detainee. In response, Plaintiff objects to being found a pretrial detainee who is incarcerated and asserts that he is the "living principal" and authorized representative of Joshua Muhammad "(the body)."  In supplemental filings he states "Joshua EIN #131640299 the 'Living Breathing' legally authorized representative of Joshua Muhammad, #19007257" is a "creditor/debtor" and "private stockholder."  *See* Doc. 19.  Further, while he objects in several ways that Defendants are not "persons" that can be sued, he fails to overcome the well-reasoned analysis of the Report and Recommendation.  Finally, he objects to the obligation to pay the filing fee by claiming a levy exemption.  Having reviewed the various objections, the Court finds they are without merit and therefore overruled.

Additionally, Plaintiff filed a request to amend his complaint in order to clearly identify the Petitioner's name and clearly identify the Defendants.  *See* Doc. 16.  He states he intends to include additional defendants while still asserting the allegations and claims set forth in the original filing. He also maintains that there was a mistake concerning the Plaintiff's and State of Alabama's proper identity.  Typically, a *pro se* plaintiff should be given an opportunity to amend his complaint if a more carefully drafted complaint might state a claim.  *See Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2015). *Johnson v. Boyd*, 568 F. App'x 719, 724 (11th Cir. 2014).  However, the Court "need not allow amendment if the amended complaint would still be subject to dismissal." *Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015) (citing *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007)); *see also Coventry First, LLC v. McCarty*, 605 F.3d 865, 870 (11th Cir. 2010) (quoting *Cockrell*, 510 F.3d at 1310) ("A proposed amendment may be denied for futility 'when the complaint as amended would still be properly dismissed.'").

A review of the proposed amended complaint (Doc. 18) establishes that Plaintiff still fails to overcome the analysis articulated in the Report and Recommendation. Therefore, the Court finds that the amendment would be futile and the request to amend is **DENIED**.

Consequently, the Court adopts the Report and Recommendation (Doc. 10) and this case is **DISMISSED with prejudice** prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B).

**DONE** and **ORDERED** this 2nd day of December, 2020.

                        /s/Terry F. Moorer
                        TERRY F. MOORER
                        UNITED STATES DISTRICT JUDGE